# EXHIBIT 1

 **CT Corporation**

**Service of Process Transmittal**
01/08/2016
CT Log Number 528440133

**TO:** Arooj Sheikh
Abercrombie & Fitch Management Co.
6301 Fitch Path
New Albany, OH 43054-9269

**RE:** **Process Served in California**

**FOR:** Abercrombie & Fitch Stores, Inc.  (Domestic State: OH)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | BENJAMIN LAGUNAS, etc., et al., on behalf of themselves and all others similarly situated, Pltfs. vs. ABERCROMBIE & FITCH, CO., etc., et al., Dfts. // To: Abercrombie & Fitch Stores, Inc., etc. |
| **DOCUMENT(S) SERVED:** | Summons, Instructions, Class Action Complaint, Demand, Cover Sheet, Notice(s), Minute Order(s), Certificate(s) |
| **COURT/AGENCY:** | Orange County - Superior Court - Santa Ana, CA<br>Case # 30201500817864CUOECXC |
| **NATURE OF ACTION:** | Employee Litigation - Failure to pay prevailing wages |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/08/2016 at 11:30 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Patrick McNicholas<br>McNICHOLAS & McNICHOLAS, LLP<br>10866 Wilshire Boulevard, Suite 1400<br>Los Angeles, CA 90024-4338<br>310-474-1582 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/09/2016, Expected Purge Date: 01/14/2016<br><br>Image SOP<br><br>Email Notification,  Arooj Sheikh  Arooj_Sheikh@abercrombie.com<br><br>Email Notification,  John Landolfi  jllandolfi@vorys.com<br><br>Email Notification,  Stacia Jones  stacia_jones@abercrombie.com |
| **SIGNED:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | C T Corporation System<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Page 1 of  1 / JK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ABERCROMBIE & FITCH, CO., an Ohio corporation;
(see attachment)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* Benjamin Lagunas,
an individual; Dianna Mendoza, an individual; Susan Jung, an
individual, on behalf of themselves and all others similarly situated

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California.
County of Orange

**10/30/2015** at 05:56:22 PM
Clerk of the Superior Court
By Georgina Ramirez,Deputy Clerk

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case. ¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: (El nombre y dirección de la corte es): Superior Court of California, County of Orange, 751 W. Santa Ana Boulevard, Santa Ana, CA 92701 | CASE NUMBER (Nº): 30-2015-00817864-CU-OE-CXC |
|---|---|
| | Judge Thierry Patrick Colaw |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Patrick McNicholas/Michael J. Kent, 10866 Wilshire Blvd., Ste. 1400, Los Angeles, CA 90024; 3104741582

DATE: 10/30/2015    ALAN CARLSON, Clerk of the Court    Clerk, by  Georgina Ramirez  , Deputy
(Fecha)                                                 (Secretario)                          (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☑ on behalf of (specify): Abercrombie & fitch Stores, inc., an Ohio corporation

   under: ☒ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Lagunas v. Abercrombie & Fitch, Co., et al | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

Abercrombie & Fitch Stores, Inc., an Ohio corporation
Abercrombie & Fitch Trading Co., an Ohio corporation
Abercrombie & Fitch Management Co., a Delaware corporation
Hollister Co., a Delaware corporation
Does 1 through 100, Inclusive

Page _____ of _____

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

1  McNICHOLAS & McNICHOLAS, LLP
   Patrick McNicholas – State Bar No. 125868
2  Michael J. Kent – State Bar No. 298564
   10866 Wilshire Boulevard, Suite 1400
3  Los Angeles, CA 90024-4338
   Tel: (310) 474-1582
4  Fax: (310) 475-7871

5  EAGAN AVENATTI, LLP
   Jason M. Frank – State Bar No. 190957
6  Scott H. Sims – State Bar No. 234148
   520 Newport Center Drive, Suite 1400
7  Newport Beach, CA 92660
   Tel: (949) 706-7000
8  Fax: (949) 706-7050

9  BRIDGFORD GLEASON & ARTINIAN
   Richard K. Bridgford – State Bar No. 119554
10 Michael H. Artinian – State Bar No. 203443
   26 Corporate Plaza, Suite 250
11 Newport Beach, CA 92660
   Tel: (949) 831-6611
12 Fax: (949) 831-6622

13 Attorneys for Plaintiffs

14

15          SUPERIOR COURT FOR THE STATE OF CALIFORNIA

16          COUNTY OF ORANGE – CIVIL COMPLEX CENTER

17                                          Judge Thierry Patrick Colaw

18 BENJAMIN LAGUNAS, an individual,        CASE NO.:  30-2015-00817864-CU-OE-CXC
   DIANNA MENDOZA, an individual;          CX–105
19 SUSAN JUNG, an individual; on behalf of
   themselves and all others similarly situated,   **CLASS ACTION
20                                                  COMPLAINT**
                Plaintiffs,
21                                          1. Failure To Pay Reporting Time Pay (8
                  v.                           CCR § 11070(5));
22                                          2. Failure To Pay All Wages Earned At
   ABERCROMBIE & FITCH, CO., an Ohio            Termination (Labor Code §§ 200-203)
23 corporation; ABERCROMBIE & FITCH        3. Failure to Provide Accurate Wage
   STORES, INC., an Ohio corporation;          Statements (Labor Code §§226, 226.3)
24 ABERCROMBIE & FITCH TRADING CO.,        4. Violations of the Unfair Competition
   an Ohio corporation; ABERCROMBIE &          Law (Bus. & Prof. Code §§ 17200 *et*
25 FITCH MANAGEMENT CO., a Delaware           *seq*)
   corporation; HOLLISTER CO., an Delaware
26 corporation; and DOES 1 through 100,
   Inclusive,
27
                Defendants.
28

ELECTRONICALLY FILED
Superior Court of California,
County of Orange

**10/30/2015** at 05:56:22 PM
Clerk of the Superior Court
By Georgina Ramirez,Deputy Clerk

1

Class Action Complaint

1    COMES NOW, PLAINTIFFS Benjamin Lagunas, Dianna Mendoza, and Susan Jung

2    ("Plaintiffs"), on behalf of themselves and a class of all others similarly situated as defined herein

3    (the "Class"), and allege on knowledge as to themselves and otherwise on information and belief,

4    as follows:

5                                    **NATURE OF ACTION**

6        1.      This class action on behalf of Abercrombie & Fitch and Hollister retail store

7    employees challenges a new form of wage theft – the practice of scheduling employees in retail

8    stores for "on-call" shifts but failing to pay the employees required reporting time pay.  On-call

9    shifts involve working at the retail store just like regular shifts, but differ from regular shifts in that

10   the employee must contact his employer an unreasonably short time before the start of the scheduled

11   on call-shift to find out whether he actually needs to work the on-call shift.  Defendants schedule

12   their employees for on-call shifts on days when they are not scheduled for a regular shift.  The on-

13   call shifts require the employee to contact his employer 1 hour before the start of the on-call shift to

14   determine if he will be required to work the on-call shift.

15       2.      Defendants' policies and procedures force their employees to treat the on call shifts

16   as a definite thing unless they have been actually told they will not need to come into the store to

17   work the scheduled shift.  Defendants treat calling in late for an on-call shift or failing to call in for

18   an on-call shift the same as missing a regularly scheduled shift.  Despite those facts, employees are

19   often told they are not required to (and cannot) work their on-call shift.   The consequences of on-

20   call shifts thus include, at a bare minimum: (1) inhibiting an employee's ability to look for or obtain

21   other employment; (b) requiring employees who are single working parents to arrange child care for

22   their children even though they ultimately might not have to work; and (c) inhibiting an employee's

23   ability to plan activities on days they are scheduled for an on-call shift.

24       3.      Pursuant to Wage Order 7-2001, an employee is entitled to reporting time pay when

25   he or she "is required to report for work and does report, but is not put to work or is furnished less

26   than half said employee's usual or scheduled day's work." Cal. Code Regs., tit. 8, § 11070(5)(A).

27   The amount of reporting time pay that must be paid "is half the usual or scheduled day's work, but

1  in no event for less than two (2) hours nor more than four (4) hours, at the employee's regular rate of

2  pay...." Id.

3       4. Defendants do not credit their employees for "reporting to work" when the employee

4  is scheduled for an on-call shift and is told – at the time he calls in to work, physically shows up to

5  work, or otherwise establishes contact with the employer – that he does not have to work the on-call

6  shift. These practices of Defendants have resulted in, and continue to result in, Defendants not

7  paying their employees required reporting time pay.

8  **PARTIES**

9       5. Plaintiff Benjamin Lagunas is a citizen of the State of California, residing in the

10  County of Orange.

11       6. Plaintiff Dianna Mendoza is a citizen of the State of California, residing in the

12  County of Orange.

13       7. Plaintiff Susan Jung is a citizen of the State of California, residing in the County of

14  Orange.

15       8. Defendant Abercrombie & Fitch Co. ("A&F Company") is an Ohio corporation,

16  with its principal place of business in New Albany, Ohio.

17       9. Defendant Abercrombie & Fitch Management Co. ("A&F Management") is a

18  Delaware corporation with its principal place of business in New Albany, Ohio.

19       10. Defendant Abercrombie & Fitch Stores, Inc. ("A&F Stores") is an Ohio corporation

20  with its principal place of business in New Albany, Ohio.

21       11. Defendant Abercrombie & Fitch Trading Co. ("A&F Trading") is an Ohio

22  corporation with its principal place of business in New Albany, Ohio.

23       12. A&F Company, A&F Management, A&F Stores and A&F Trading are collectively

24  hereinafter referred to as "Abercrombie Defendants".

25       13. Defendant Hollister Co. is a Delaware corporation, with its principal place of

26  business in New Albany, Ohio.

27       14. Defendant A&F Company owns the Abercrombie & Fitch and Hollister brands, and

28  

3

Class Action Complaint

1   is the direct or indirect parent company of subsidiaries A&F Management, A&F Stores, A&F

2   Trading and Hollister Co.  Upon information and belief, the Abercrombie Defendants are the joint

3   employer of the members of the Class who work or worked at Abercrombie & Fitch and Hollister

4   retail stores.  Abercrombie (1) exercises control over the wages, hours and working conditions of

5   employees working at Abercrombie & Fitch and Hollister retail stores; (2) suffers or permits

6   employees to work at  Abercrombie and Hollister Co. retail stores; and/or (3) engages the

7   employees at Abercrombie & Fitch and Hollister retail stores.  For example, the Abercrombie

8   Defendants, at a minimum, drafted and/or directed the written policies and procedures which are at

9   issue in this lawsuit.  For wage and hour liability purposes, the Abercrombie Defendants thus may

10   be considered an employer of those Class members who work or worked at Hollister Co.

11        15.     On information and belief, Hollister Co., along with the Abercrombie Defendants, is

12   also a joint employer of Jung and other members of the Class who work or worked at Hollister

13   retails store.

14        16.     One or more of the Abercrobmie Defendants is believed to have issued payroll

15   checks to Lagunas, Mendoza and other members of the class who work or worked at Abercrombie

16   & Fitch retail stores.

17        17.     One or more of the Abercrobmie Defendants and/or Hollister Co. is believed to have

18   issued payroll checks to Jung and other members of the class who work or worked at Hollister

19   retail stores.

20        18.     The true names and capacities of the defendants DOES 1 through 50, inclusive,

21   whether individual, plural, corporate, partnership, associate or otherwise, are not known to

22   Plaintiffs, who therefore sue said defendants by such fictitious names.  Plaintiffs will seek leave of

23   court to amend this Complaint to show the true names and capacities of defendants DOES 1

24   through 50, inclusive, when the same have been ascertained.  Plaintiffs are informed and believes

25   and thereon allege that each of the defendants designated herein as DOE is negligently, wantonly,

26   recklessly, tortiously, and unlawfully responsible in some manner for the events and happenings

27   herein referred to and negligently, wantonly, recklessly, tortiously, and unlawfully proximately and

28

4

Class Action Complaint

1    legally caused injuries and damages to Plaintiffs and the Class as herein alleged.

2         19.    Plaintiffs are also informed and believe and thereon allege that DOES 1 to 10, at all

3    relevant times herein, were the agents, principals, and/or alter egos of the Abercrombie Defendants

4    and Hollister Co. and that they are therefore liable for the acts and omissions of the Abercrombie

5    Defendants and Hollister Co.

6         20.    Plaintiffs are informed and believe and on that basis allege that at all times relevant

7    herein, each of the Defendants was acting as the agent, employee and/or joint venturer of the

8    remaining Defendants and in so doing the things herein described, was acting within the scope of

9    such agency, employment and/or joint venture except where designated otherwise.

10        21.    At all times pertinent hereto, each of the said DOE defendants participated in the

11   doing of acts hereinafter alleged to have been done by the named Defendants; and furthermore, the

12   Defendants, and each of them, were the agents, servants, and employees of each of the other

13   Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting

14   within the course and scope of said agency and employment.

15        22.    At all times pertinent hereto, Defendants, and each of them, were members of, and

16   engaged in, a joint venture, partnership and common enterprise, and acting within the course and

17   scope of, and in pursuance of, said joint venture, partnership and common enterprise.

18
          23.    At all times pertinent hereto, the various Defendants, and each of them, concurred

19   with and contributed to the acts and omissions of each and all of the other Defendants in

20   proximately causing the injuries and damages as herein alleged. At all pertinent times, Defendants,

21   and each of them, ratified each and every act or omission complained of herein. At all pertinent

22   times, the Defendants, and each of them, aided and abetted the acts and omissions of each and all of

23   the other Defendants in proximately causing the damages as herein alleged.

24
                              **JURISDICTION AND VENUE**
25
          24.    This Court has subject matter jurisdiction over this action as the claims involve
26
     alleged violations of California law.
27
          25.    Venue is appropriate in the County of Orange, and this Court has personal
28

---

5

Class Action Complaint

1    jurisdiction over the Defendants and each of them by reason of the facts that (a) Defendants have

2    transacted and conducted substantial business in the State of California, County of Orange; (b) the

3    acts alleged herein occurred in the State of California, including in part in the County of Orange; (c)

4    Plaintiffs' injuries occurred in part in the State of California and the County of Orange; and (d) the

5    events giving rise to the claims at issue in this lawsuit arose in California, including in part within

6    the County of Orange.

7                    **CALIFORNIA'S REPORTING TIME PAY REQUIREMENT**

8            26.     Pursuant to its authority under Labor Code § 1173, the Industrial Welfare

9    Commission promulgated Wage Order 7-2001. Wage Order 7-2001 applies to companies in the

10   merchantile industry. Defendants are in the merchantile industry.

11           27.     Wage Order 7-2001 mandates that non-exempt employee be paid reporting time pay

12   as follows: "Each workday an employee is required to report for work and does report, but is not

13   put to work or is furnished less than half said employee's usual or scheduled day's work, the

14   employee shall be paid for half the usual or scheduled day's work, but in no event for less than two

15   (2) hours nor more than four (4) hours, at the employee's regular rate of pay, which shall not be less

16   than the minimum wage."

17           28.     The "primary purpose of the reporting time regulation" is "to guarantee at least

18   partial compensation for employees who report to work expecting to work a specified number of

19   hours, and who are deprived of that amount because of inadequate scheduling or lack of proper

20   notice by the employer." *Aleman v. AirTouch Cellular*, 209 Cal. App. 4th 556 (2012).

21           29.     Unpredictable work schedules take a toll on all employees, especially those in low-

22   wage sectors. Without the security of a definite work schedule, workers who must be "on-call" are

23   forced to make childcare arrangements, elder-care arrangements, encounter obstacles in pursuing

24   their education, experience adverse financial effects, and deal with stress and strain on their family

25   life. The "on-call" shifts also interfere with employees' ability to obtain supplemental employment

26   in order to ensure financial security for their families.

27           30.     Defendants pay non-exempt employees like those in the Class minimum, or just

28

6
Class Action Complaint

above minimum, wage. Such employees often depend on the hours of work to earn a living. One effect of Defendants' policy is thus to prevent employees from being able to commit to other work that will provide them with additional income. As a result, Defendants effectively pay Plaintiffs and other members of the Class for part time work, but obligate them to nearly full time work.

## FACTS SPECIFIC TO PLAINTIFF BENJAMIN LAGUNAS

31.  Plaintiff Benjamin Lagunas ("Lagunas") worked as a sales clerk in Defendants' Abercrombie and Fitch store located at the Orange County South Coast Plaza Mall from 2008 until March 2015. Defendants classified Lagunas as a non-exempt employee for wage and hour purposes. During the course of his employment, the work schedule for Lagunas and other employees of the Orange County South Coast Plaza Mall Abercrombie and Fitch retail stores were posted on the Saturday for the week starting the next day on Sunday. During his employment Lagunas was frequently scheduled to work on-call shifts, which always involved a set scheduled start time and a set scheduled ending time.

32.  At various times Lagunas was scheduled for on-call shifts on days when he was not scheduled for a regular shift.  On such occasions Lagunas was required to and did report for work by calling in 1 hour prior to the start of his on-call shift to learn whether he would be required to work his on call shift. When Lagunas did so and was informed he was not required to, and could not, work his on-call shift, Lagunas was not paid required reporting time pay – i.e. half of his shift at his regular rate of pay, but in no event less than two hours or more than four hours.

## FACTS SPECIFIC TO PLAINTIFF DIANNA MENDOZA

33.  Plaintiff Dianna Mendoza ("Mendoza") worked as a sales clerk in Defendants' Abercrombie and Fitch retail store located at the Orange County South Coast Plaza Mall from 2008 until March 2014. Defendants classified Mendoza as a non-exempt employee for wage and hour purposes. During the course of her employment, the work schedule for Mendoza and other employees of the Orange County South Coast Plaza Mall Abercrombie and Fitch retail stores were posted on the Thursday or Friday for the week starting the next day on Sunday. During her employment Mendoza was frequently scheduled to work on-call shifts, which always involved a

1    set scheduled start time and a set scheduled ending time.

2        34.  At various times Mendoza was scheduled for on-call shifts on days when she was not

3    scheduled for a regular shift.  On such occasions Mendoza was required to and did report for

4    work by calling in 1 hour prior to the start of his on-call shift to learn whether she would be

5    required to work her on call shift.  When Mendoza did so and was informed she was not required

6    to, and could not, work her on-call shift, Mendoza was not paid required reporting time pay – i.e.

7    half of her shift at his regular rate of pay, but in no event less than two hours or more than four

8    hours.

9                    ### FACTS SPECIFIC TO PLAINTIFF SUSAN JUNG

10       35.  Plaintiff Susan Jung ("Jung") worked as a sales clerk in Defendants' Hollister retail

11   store located at the Westminster Mall from July 2010 until July 2012. Defendants classified Jung

12   as a non-exempt employee for wage and hour purposes.  During the course of her employment,

13   the work schedule for Jung and other employees of the Westminster Mall Hollister retail stores

14   were posted on the Thursday for the week starting the next day on Sunday.  During her

15   employment Jung was frequently scheduled to work on-call shifts, which always involved a set

16   scheduled start time and a set scheduled ending time.

17       36.  At various times Jung was scheduled for on-call shifts on days when she was not

18   scheduled for a regular shift.  On such occasions Jung was required to and did report for work by

19   calling in 1 hour prior to the start of his on-call shift to learn whether she would be required to

20   work her on call shift.  When Jung did so and was informed she was not required to, and could

21   not, work her on-call shift, Jung was not paid required reporting time pay – i.e. half of her shift at

22   her regular rate of pay, but in no event less than two hours or more than four hours.

23                       ### DEFENDANTS' UNLAWFUL PRACTICES

24       37.  At all times pertinent, Defendants established and maintained a policy, custom, and/or

25   business practice of scheduling non-exempt employees in Abercrombie & Fitch and Hollister

26   retail stores in California for regular shifts, which without more, require the employee to

27   physically show up to work at the start of the scheduled shift.

28

                                    8
                            Class Action Complaint

38.  At all times pertinent, Defendants have also established and maintained a policy, custom, and/or business practice of scheduling non-exempt employees in Abercrombie & Fitch and Hollister retail stores in California for on-call shifts.  On-call shifts involve working at the retail store just like regular shifts, but differ from regular shifts in that the employer requires the employee to contact his employer an unreasonably short time before the start of the scheduled on-call shift to find out whether he actually needs to work the on-call shift.  On-call shifts, like regular shifts, also have a designated beginning time and quitting time.  Defendants inform their employees to consider an on-call shift a definite thing until they are actually told they do not need to come in.  In reality, these on-call shifts are no different than regular shifts, and Defendants have misclassified them in order to avoid paying reporting time in accordance with applicable law.

39.  Employees are scheduled for on-call shifts on days they are not scheduled for a regular shift. In such instances the employee is required to call in to work, physically show up to work, or otherwise establish contact with the employer 1 hour before the scheduled on-call shift to deteremine if he or she is required to work the scheduled on-call shift.

i.  Example: Employee is scheduled for an on-call shift from 10:00 a.m. to 2:00 p.m. with no regular shift that day.

40.  If an employee scheduled for an on-call shift fails to call in to work, physically show up to work or otherwise establish contact with the employer 1 hour before the start of the scheduled shift (or makes such contact late), at all times pertinent Defendants' policy, custom, and/or business practice was to treat that failure the same as missing a regularly scheduled shift.

41.  At all times pertinent, Defendants have maintained a policy, custom, and/or business practice in their Abercrombie & Fitch and Hollister retail stores of not including on-call shifts as part of the employee's "scheduled day's work" when calculating reporting time pay, unless the employee is required to actually work the on-call shift. Accordingly, when employees work less than half of their total scheduled shift time, Defendants have been and are failing to pay their employees reporting time pay. Plaintiff and the Class have in fact worked less than half of their total scheduled shift time on various occasions and Defendants failed to pay them the reporting

1  time pay (i.e. half of their total shift time at their regular rate of pay but in no event less than 2

2  hours nor more than four 4 hours).

3      42.    At all times pertinent, Defendants have maintained a custom, policy and/or business

4  practice in their Abercrombie & Fitch and Hollister retail stores of not crediting employees for

5  reporting to work when the employee is scheduled for an on-call shift and is told – at the time he

6  calls in to work, physically shows up to work, or otherwise establishes contact with the employer –

7  that he does not have to work the on-call shift.  Plaintiffs and the Class reported for work when

8  scheduled for on-call shifts as required by Defendants' policies, procedures and/or business

9  practices, but Plaintiffs and the Class were not paid required reporting time pay (i.e. half of their

10  total shift time at their regular rate of pay but in no event less than 2 hours nor more than four 4

11  hours).

12  **CLASS ALLEGATIONS**

13      43.    Plaintiffs brings this action on behalf of themselves and the following ascertainable

14  classes of similarly situated persons:  All California citizens who were non-exempt employees of

15  the Abercrombie Defendants and/or Hollister who worked at Abercrombie & Fitch and/or Hollister

16  retail stores in California at any time from October 30, 2011 up to and continuing until the time

17  that judgment is entered in this case who (a) reported for work; (b) were not put to work or were

18  furnished less than half their scheduled day's work; and (c) were not paid the greater of two hours

19  at their regular rate of pay and one-half of their scheduled day's work at their regular rate of pay

20  (the "Class"), with the following subclasses:

21

22      a.    All members of the Class whose employment with Defendants has ended prior

23      to judgment being entered in this case ("Subclass 1").

24      44.    Excluded from the Class is any judge, justice, or judicial officer presiding over this

25  matter and members of their immediate families and judicial staff. Also excluded from the Class

26  are any persons who are not California citizens.

27      45.    This class action is brought pursuant to California Code of Civil Procedure § 382.

28  Plaintiffs reserves the right to modify the description of the Class, the description of Subclass 1,

10
Class Action Complaint

based on the results of discovery or otherwise.  Plaintiffs also reserves the right to add additional subclasses, based on the results of discovery or otherwise

46.  **Numerosity:** The Class is so numerous that the individual joinder of all members is impractical under the circumstances of this case. While the exact number and identifies of the members of the Class, Subclass 1 is presently unknown, such information can be ascertained through appropriate discovery.  Based on the high number of Abercrombie and Hollister retail stores in the State of California (including retail stores in the form of "outlet stores"), the approximately number of employees at each store at any given time, and regular turnover in employment in the industry, the number of members of the Class, Subclass 1 is believed to be in the hundreds, if not more.

47.  **Ascertainability:** The identities of the members of the Class are readily ascertainable by review of Defendants' records, including, but not limited to, payroll records, timekeeping records, schedules, and other documents and other business records that Defendants are required by law to maintain.

48.  **Commonality/Predominance:** There are predominant common questions of law and fact and a coherent community interest amongst Plaintiffs and the claims of the Class, concerning Defendants' treatment of them, including but not limited to:

    a.  Whether the reporting time pay requirement that an employee "report for work" requires that Plaintiffs and the Class physically report for work.

    b.  Whether Defendants have maintained a policy, custom, and/or business practice in their Abercrombie & Fitch and Hollister retail stores of not including on-call shifts as part of the employee's "scheduled day's work" when calculating reporting time pay, unless the employee is required to actually work the on-call shift, and whether any such policy, custom and/or practice has resulted in a failure to pay reporting time pay.

    c.  Whether Defendants have maintained a custom, policy and/or business practice in their Abercrombie & Fitch and Hollister retail stores of not crediting

employees for reporting to work when the employee is scheduled for an on-call shift and is told – at the time he calls in to work, physically shows up to work, or otherwise establishes contact with the employer – that he does not have to work the on-call shift.

d.  Whether Defendants violated and continue to violate Wage Order 7-2001.

e.  Whether Defendants violated Labor Code sections 200-203.

f.  Whether Defendants violated Labor Code §§ 226, 226.3

g.  Whether the Defendants violated Cal. Bus & Professions Code section 17200.

49.  **Typicality:**  Plaintiffs' claims are typical of the claims of the Class in that Plaintiffs and the Class sustained damages arising out of the same policies, procedures and/or business practices of Defendants.  Plaintiffs' claims are typical of the claims of Subclass 1 in that Plaintiffs and the subclass sustained damages arising out of the same policies, procedures and/or business practices of Defendants set forth herein.

50.  **Adequacy and Representation:**  Plaintiffs will fairly and adequately protect the interests of the Class.  Plaintiffs have retained counsel who has substantial experience in the prosecuting complex lawsuits, of wage and hour cases, and class actions.

51.  **Superiority:**  A class action is superior to other available means for the fair and efficient adjudication of this controversy, since the individual joinder of all members of the class is impracticable.  A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense that numerous individual actions would engender.  Furthermore, as the damage suffered by each individual of the class may be small, on a relative basis, the expenses and burden of individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them.  Moreover, an important public benefit will be realized by addressing the matter as a class action.  The cost to the court system of adjudication of such individual litigation would be substantial.  Individualized litigation would also present the potential for inconsistent or contradictory judgments.  Adjudication of individual Class

members claims with respect to Defendants would, as a practical matter, be dispositive of the interest of other members or substantially impair or impede the ability of other individual members of the Class to protect their interest.

52.   Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class proceeding.

### FIRST CAUSE OF ACTION
### FOR FAILURE TO PAY REPORTING TIME PAY
(8 CCR § 11070(5))
**(By Plaintiffs On Behalf of Themselves and the Class Against All Defendants and DOES 1 through 100)**

53.   Plaintiffs, on behalf of themselves and the Class, hereby incorporate by reference the preceding paragraphs of this complaint as though set forth in full at this point.

54.   Wage Order 7-2001 provides that "[e]ach workday an employee is required to report for work and does report, but is not put to work or is furnished less than half said employee's usual or scheduled day's work, the employee shall be paid for half the usual or scheduled day's work, but in no event for less than two (2) hours nor more than four (4) hours, at the employee's regular rate of pay, which shall not be less than the minimum wage." Cal. Code Regs., tit. 8, § 11070(5)(A).

55.   As set forth herein, Defendants scheduled Plaintiffs and the Class for on-call shifts that required them to call in to work, physically show up to work, or otherwise establish contact with the employer 1 hour before the scheduled on-call shift to determine if they were required to work the scheduled on-call shift.

56.   Defendants have not included, and continue not to include, on-call shifts as part of the employee's "scheduled day's work" when calculating reporting time pay, unless the employee is required to actually work the on-call shift.  This has resulted in Defendants failing to pay required reporting time pay to Plaintiffs and the Class, as Plaintiffs and the Class on various occasions have been furnished less than half of their total scheduled shift time (i.e. the regular shift time plus the on-call shift time) but were only paid for the time actually worked.

57.   Defendants have not, and continue to not, credit employees for reporting to work when the employee is scheduled for an on-call shift and is told – at the time he calls in to work,

1  physically shows up to work, or otherwise establishes contact with the employer – that he does not

2  have to work the on-call shift.  Plaintiffs and the Class reported for work when scheduled for on-

3  call shifts as required by Defendants, but Plaintiffs and the Class were not paid required reporting

4  time pay.

5      58.   As a direct and proximate results of Defendants' actions as set forth herein, Plaintiffs

6  and the Class have been damaged in that Plaintiffs and the Class have not been paid all required

7  reporting time pay.

8  

**SECOND CAUSE OF ACTION**
**FAILURE TO PAY ALL WAGES EARNED AT TERMINATION**
(Labor Code § 200 – 203)
**(Plaintiffs on behalf of Themselves and Subclass 1 Against All Defendants and DOES 1 - 100)**

9

10

11      59.   Plaintiffs, on behalf of themselves and members of Subclass 1, hereby incorporate by

12  reference the preceding paragraphs of this complaint as though set forth in full at this point.

13      60.   Labor Code §§ 201 and 202 require that Defendants pay their employees all wages due

14  within 24 hours after a discharge or 72 hours after a resignation from employment, if the employee

15  has given less than 72 hours notice. Labor Code § 203 provides that if an employer willfully fails

16  to timely pay such wages the employer must, as a penalty, continue to pay the employee's daily

17  wage until the back wages are paid in full or an action is commenced. The penalty cannot exceed

18  30 days of wages.

19      61.   Plaintiffs and Members of Subclass 1 were not paid required reporting time pay within

20  24 hours after a discharge, or 72 hours after a resignation, as applicable.

21      62.   Defendants' failure to pay required reporting time pay upon termination was willful.

22      63.   As a direct and proximately result of Defendants' Defendants' willful conduct in not

23  paying Plaintiffs and each Subclass 1 member all earned wages at the time of their employment

24  with Defendants ended, each member of Subclass 1 is entitled to 30 days' wages as a penalty under

25  Labor Code, § 203.

26

27  ///

28

14

Class Action Complaint

**THIRD CAUSE OF ACTION**
**FOR FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS**
(Labor Code §§ 226, 226.3)
(By Plaintiffs on behalf of Themselves and the Class Against All Defendants and DOES 1 through 100)

64.    Plaintiffs, on behalf of themselves and the Class, hereby incorporate hereby incorporate by reference the preceding paragraphs of this complaint as though set forth in full at this point.

65.    Pursuant to the Labor Code and the Wage Order, employers must provide accurate itemized wage statements at the time employees are paid, showing accurate information for such things as total hours worked, gross wages earned, net wages earned, applicable hourly rates for the pay period at issue, etc.

66.    Plaintiffs and the Class were not provided with accurate itemized wage statements, as required by law.  The wage statements provided did not accurately include correct numbers for total hours worked, gross wages earned, net wages earned, applicable hourly rates for the pay period at issue, and other information required by law.  Reporting time pay was not accurately reported on the wage statements.

67.    Plaintiffs and the Class could not easily and promptly determine from their wage statements that they had been properly paid.  Reporting time pay was not accurately reported or calculated, such that no calculations could be performed to derive the accurate times, rates, and pay that should have been part of their compensation.  The information to make such determinations could not be readily ascertained by the wage statement, standing alone, or without reference to other documents or information.

68.    As a result of Defendants' failure to provide accurate itemized wage statements as required by law, Plaintiffs and the Class have been injured in the manner set forth in the Labor Code.

69.    Plaintiffs and the Class are entitled to the penalties set forth at Labor Code Section 226(e) and/or 226.3 and/or the applicable wage order, to injunctive relief to ensure compliance

1    with the law, to costs of suit, and reasonable attorneys' fees.

2 

**FOURTH CAUSE OF ACTION**
**UNFAIR BUSINESS PRACTICES**
**(Bus & Prof. Code §§ 17200 *etseq.*)**
**(Against All Defendants and DOES 1 - 100)**

3

4

5      70.    Plaintiffs, on behalf of themselves and the Class, hereby incorporate by reference the

6 preceding paragraphs of this complaint as though set forth in full at this point.

7      71.    Section 17200 of the California *Business and Professions Code* prohibits any

8 unlawful, unfair or fraudulent business act or practice.

9      72.    The actions of Defendants, as herein alleged, amount to conduct which is unlawful

10 and a violation of law. As such, said conduct constitutes an unlawful business practices, in

11 violation of Bus. & Prof. Code §§ 17200 et. Seq.

12      73.    The action of Defendants, as herein alleged, offends established public policy and

13 constitutes an unfair business practice. This injury is not outweighed by any countervailing

14 benefits to consumers or competition.

15      74.    Defendants' conduct as herein alleged has damaged Plaintiffs and the members of the

16 Class by denying them wages earned, due and payable. Plaintiffs and the members of the Class

17 have thus suffered injury in fact and loss money. Under section 17200 Plaintiffs and the Class seek

18 restitution of all monies not paid to them by Defendants.

19

**PRARYER FOR RELIEF**

20      WHEREFORE, Plaintiffs, on behalf of themselves, and on behalf of the members of the

21 Class, pray for judgment against Defendants as follows:

22    A.   For an order certifying the proposed Class, Subclass 1;

23    B.   For the attorneys appearing on the above caption to be named class counsel and for

24        Plaintiffs to be appointed class representative;

25    C.   For compensatory damages in an amount according to proof with interest thereon;

26    D.   For economic and/or special damages in an amount according to proof with interest

27        thereon;

28

16
Class Action Complaint

E.  For payment of unpaid wages in accordance with California labor and employment law;

F.  For payment of penalties in accordance with California law;

G.  For Defendants to be found to have engaged in unfair and/or unlawful competition in violation of Bus. & Prof. Code §§ 17200, et seq.;

H.  For Defendants to be ordered and enjoined to make restitution to Plaintiffs and the Class, including restitutionary disgorgement, pursuant to Business and Professions Code §§ 1720- et seq.;

I.  For interests, attorneys' fees and cost of suit under Labor Code §§ 226 and 1194 and Code of Civil Procedure §1021.5 and other applicable code sections; and,

J.  For all such other and further relief that the court may deem just and proper.

Dated: October 30, 2015                    McNICHOLAS & McNICHOLAS, LLP

By: _____
                                           Patrick McNicholas
                                           Michael J. Kent
                                           Attorneys for Plaintiffs

---
17

Class Action Complaint

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demands a trial by jury.

Dated: October 30, 2015                    McNICHOLAS & McNICHOLAS, LLP

By: _____
            Patrick McNicholas
            Michael J. Kent
            Attorneys for Plaintiffs

18

Class Action Complaint

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Patrick McNicholas (SBN 125868)/Michael J. Kent (SBN 298564)<br>McNicholas & McNicholas, LLP<br>10866 Wilshire Boulevard, Suite 1400, Los Angeles, CA 90024<br>TELEPHONE NO.: 310-474-1582   FAX NO.:<br>ATTORNEY FOR (Name): Plaintiff Benjamin Lagunas, an individual, etx. | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br>**10/30/2015** at 05:56:22 PM<br>Clerk of the Superior Court<br>By Georgina Ramirez, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 751 W. Santa Ana Blvd.
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME:

CASE NAME:
Benjamin Lagunas, etc., et al. v. Abercrombie & Fitch, Co., etc., et al

| CIVIL CASE COVER SHEET | | Complex Case Designation | | 30-2015-00817864-CU-OE-CXC |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE: Judge Thierry Patrick Colaw<br>DEPT: CX-105 | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22)<br>☐ Uninsured motorist (46)<br>**Other PI/PD/WD (Personal Injury/Property**<br>**Damage/Wrongful Death) Tort**<br>☐ Asbestos (04)<br>☐ Product liability (24)<br>☐ Medical malpractice (45)<br>☐ Other PI/PD/WD (23)<br>**Non-PI/PD/WD (Other) Tort**<br>☐ Business tort/unfair business practice (07)<br>☐ Civil rights (08)<br>☐ Defamation (13)<br>☐ Fraud (16)<br>☐ Intellectual property (19)<br>☐ Professional negligence (25)<br>☐ Other non-PI/PD/WD tort (35)<br>**Employment**<br>☐ Wrongful termination (36)<br>☑ Other employment (15) | ☐ Breach of contract/warranty (06)<br>☐ Rule 3.740 collections (09)<br>☐ Other collections (09)<br>☐ Insurance coverage (18)<br>☐ Other contract (37)<br>**Real Property**<br>☐ Eminent domain/Inverse<br>condemnation (14)<br>☐ Wrongful eviction (33)<br>☐ Other real property (26)<br>**Unlawful Detainer**<br>☐ Commercial (31)<br>☐ Residential (32)<br>☐ Drugs (38)<br>**Judicial Review**<br>☐ Asset forfeiture (05)<br>☐ Petition re: arbitration award (11)<br>☐ Writ of mandate (02)<br>☐ Other judicial review (39) | ☐ Antitrust/Trade regulation (03)<br>☐ Construction defect (10)<br>☐ Mass tort (40)<br>☐ Securities litigation (28)<br>☐ Environmental/Toxic tort (30)<br>☐ Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41)<br>**Enforcement of Judgment**<br>☐ Enforcement of judgment (20)<br>**Miscellaneous Civil Complaint**<br>☐ RICO (27)<br>☐ Other complaint (not specified above) (42)<br>**Miscellaneous Civil Petition**<br>☐ Partnership and corporate governance (21)<br>☐ Other petition (not specified above) (43) |

2. This case ☐ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☑ Large number of witnesses
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☑ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive

4. Number of causes of action (specify):

5. This case ☑ is ☐ is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: October 30, 2015
Michael J. Kent

_____(TYPE OR PRINT NAME)_____   ▶   _____(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)_____

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) (*if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto*)

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability (*not asbestos or
    toxic/environmental*) (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) (*not civil
    harassment*) (08) ·
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract (*not unlawful detainer
            or wrongful eviction*)
    Contract/Warranty Breach–Seller
        Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage (*not provisionally
    complex*) (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent
        domain, landlord/tenant, or
        foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    (*arising from provisionally complex
    case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment (*non-
        domestic relations*)
    Sister State Judgment
    Administrative Agency Award
        (*not unpaid taxes*)
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified
    above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-
        harassment*)
    Mechanics Lien
    Other Commercial Complaint
        Case (*non-tort/non-complex*)
    Other Civil Complaint
        (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition (*not specified
    above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

# SUPERIOR COURT OF CALIFORNIA

ORANGE

751 W. Santa Ana Blvd

Santa Ana , CA 92701

(657) 622-5300

www.occourts.org

## NOTICE OF CASE ASSIGNMENT

Case Number: **30-2015-00817864-CU-OE-CXC**

Your case has been assigned for all purposes to the judicial officer indicated below. A copy of this information must be provided with the complaint or petition, and with any cross-complaint that names a new party to the underlying action.

| ASSIGNED JUDGE | COURT LOCATION | DEPARTMENT/ROOM | PHONE |
|---|---|---|---|
| Hon.<br>   Thierry Patrick Colaw | Civil Complex Center | CX105 | (657) 622-5300 |
| Hearing: | Date: | Time: | |
| **JUDGE** | **COURT LOCATION** | **DEPARTMENT/ROOM** | **PHONE** |
| Hon. | | | |

[ x ]  ADR Information attached.

## SCHEDULING INFORMATION

**Judicial Scheduling Calendar Information**

   Individual courtroom information and the items listed below may be found at: www.occourts.org.

   Case Information, Court Local Rules, filing fees, forms, Civil Department Calendar Scheduling Chart, Department phone numbers, Complex Civil E-filing, and Road Map to Civil Filings and Hearings.

**Ex Parte Matters**

   Rules for Ex Parte Applications can be found in the California Rules of Court, rules 3.1200 through 3.1207 at: www.courtinfo.ca.gov.  Trials that are in progress have priority; therefore, you may be required to wait for your ex parte hearing.

**Noticed Motions**

   * The following local Orange County Superior Court rules are listed for your convenience:
      - Rule 307 - Telephonic Appearance Litigants - Call CourtCall, LLC at (310) 914-7884 or (888) 88-COURT.
      - Rule 380 - Fax Filing, Rule 450 - Trial Pre-Conference  (Unlimited Civil)
   * All Complex Litigation cases are subject to mandatory Electronic Filing, unless excused by the Court.
   * Request to Enter Default and Judgment are strongly encouraged to be filed as a single packet.

**Other Information**

   Hearing dates and times can be found on the Civil Department Calendar Scheduling Chart.

   All fees and papers must be filed in the Clerk's Office of the Court Location address listed above.

Date:  11/02/2015

Georgina Ramirez _____ , Deputy Clerk

NOTICE OF CASE ASSIGNMENT

V3 INIT 100 (June 2004)

**SUPERIOR COURT OF CALIFORNIA,
COUNTY OF ORANGE
CIVIL COMPLEX CENTER**

**MINUTE ORDER**

DATE: 12/30/2015            TIME: 03:31:00 PM        DEPT:  CX105
JUDICIAL OFFICER PRESIDING: Thierry Patrick Colaw
CLERK:  P. Rief
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT:  None

CASE NO: **30-2015-00817864-CU-OE-CXC** CASE INIT.DATE: 10/30/2015
CASE TITLE: **Lagunas vs. Abercrombie & Fitch, Co., an Ohio corporation**
CASE CATEGORY: Civil - Unlimited      CASE TYPE: Other employment

---

EVENT ID/DOCUMENT ID: 72292143
**EVENT TYPE:** Chambers Work

---

**APPEARANCES**

---

Under the direction of the Hon. Thierry Patrick Colaw; there are no appearances by any party.

The court finds that this case is exempt from the case disposition time goals imposed by California Rule of Court 3.714 due to exceptional circumstances and estimates that the maximum time required to dispose of this case will exceed twenty-four months due to the following case evaluation factor of California Rules of Court 3.715 & 3.400: Case is Complex.

Each party who has not paid the Complex fee of $ 1,000.00 as required by Government Code section 70616 shall pay the fee to the Clerk of the Court within 10 calendar days from date of this minute order. Failure to pay required fees may result in the dismissal of complaint/cross-complaint or the striking of responsive pleadings and entry of default.

**A Status Conference is hereby scheduled for 02/29/2016 at 09:00 AM in Department CX105.**

Plaintiff shall, at least five court days before the hearing, file with the court and serve on all parties of record or known to Plaintiff a brief, objective summary of the case, its procedural status, the contentions of the parties and any special considerations of which the court should be aware. Other parties who think it necessary may also submit similar summaries three court days prior to the hearing. DO NOT use the Case Management Statement form used for non-complex cases (Judicial Council Form CM-110).

This case is subject to mandatory electronic filing pursuant to Superior Court Rules, County of Orange, Rule 352.  Plaintiff shall give notice of the Status Conference and the electronic filing requirement to all parties of record or known to plaintiff, and shall attach a copy of this minute order.

Clerk to give notice to plaintiff by e-Service. Plaintiff is ordered to give notice to all other parties.

---

DATE: 12/30/2015                          MINUTE ORDER                              Page 1
DEPT: CX105                                                                   Calendar No.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>Civil Complex Center<br>751 W. Santa Ana Blvd<br>Santa Ana, CA 92701 | |
|---|---|
| SHORT TITLE: Lagunas vs. Abercrombie & Fitch, Co., an Ohio corporation | |
| CLERK'S CERTIFICATE OF MAILING/ELECTRONIC<br>SERVICE | CASE NUMBER:<br>30-2015-00817864-CU-OE-CXC |

I certify that I am not a party to this cause. I certify that the following document(s), Minute Order dated 12/30/15, have been transmitted electronically by Orange County Superior Court at Santa Ana, CA. The transmission originated from email address on December 30, 2015, at 3:35:08 PM PST. The electronically transmitted document(s) is in accordance with rule 2.251 of the California Rules of Court, addressed as shown above. The list of electronically served recipients are listed below:

BRIDGFORD GLEASON & ARTINIAN
MIKE.ARTINIAN@BRIDGFORDLAW.COM

EAGAN AVENATTI, LLP
JFRANK@EAGANAVENATTI.COM

EAGAN AVENATTI, LLP
SSIMS@EAGANAVENATTI.COM

MCNICHOLAS & MCNICHOLAS, LLP
MJK@MCNICHOLAS.LAW.COM

MCNICHOLAS & MCNICHOLAS, LLP
PMC@MCNICHOLASLAW.COM

Clerk of the Court, by: _____ , Deputy

---

CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE

V3 1013a (June 2004)

Code of Civ. Procedure , § CCP1013(a)

1 | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  |   A Limited Liability Partnership
2 |   Including Professional Corporations
  | CHARLES F. BARKER, Cal. Bar No. 70076
3 | WON B. KIM, Cal. Bar. No. 272294
  | 333 South Hope Street, 43rd Floor
4 | Los Angeles, California 90071-1422
  | Telephone:    213.620.1780
5 | Facsimile:    213.620.1398
  | Email:        cbarker@sheppardmullin.com
6 |               wkim@sheppardmullin.com

ELECTRONICALLY FILED
Superior Court of California,
County of Orange

**02/04/2016** at 01:03:00 PM

Clerk of the Superior Court
By Sarah Loose, Deputy Clerk

7 | Attorneys for Defendants
  | ABERCROMBIE & FITCH CO.
8 | ABERCROMBIE & FITCH STORES, INC.
  | ABERCROMBIE & FITCH TRADING CO.
9 | ABERCROMBIE & FITCH MANAGEMENT CO.
10 | HOLLISTER CO.

11

12 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

13 | FOR THE COUNTY OF ORANGE – CIVIL COMPLEX CENTER

14

15 | BENJAMIN LAGUNAS an individual;
   | DIANNA MENDOZA, an individual; SUSAN
16 | JUNG, an individual; on behalf of themselves
   | and all others similarly situated,
17 |
18 |                Plaintiffs,
   |        v.
19 |
   | ABERCROMBIE & FITCH, CO., an Ohio
20 | corporation; ABERCROMBIE & FITCH
   | STORES, INC., an Ohio corporation;
21 | ABERCROMBIE & FITCH TRADING CO.,
   | an Ohio corporation; ABERCROMBIE &
22 | FITCH MANAGEMENT CO., a Delaware
   | corporation; HOLLISTER CO., a Delaware
23 | corporation; and DOES 1 through 100,
24 | Inclusive,
25 |                Defendants.

Case No. 2015-00817864-CU-OE-CXC

**ANSWER OF DEFENDANTS
ABERCROMBIE & FITCH CO.,
ABERCROMBIE & FITCH STORES,
INC., ABERCROMBIE & FITCH
TRADING CO., ABERCROMBIE &
FITCH MANAGEMENT CO., AND
HOLLISTER CO., TO PLAINTIFFS'
UNVERIFIED CLASS ACTION
COMPLAINT**

Assigned to:  Hon. Thierry Patrick Colaw
Dept.:  CX-105

26

27

28

-1-

SMRH:474903520.1 | DEFENDANTS' ANSWER TO PLAINTIFFS' UNVERIFIED
CLASS ACTION COMPLAINT

Defendants Abercrombie and Fitch Co., Abercrombie & Fitch Stores, Inc., Abercrombie & Fitch Trading Co., Abercrombie & Fitch Management Co., and Hollister Co., ("Defendants") hereby respond to the unverified Class Action Complaint filed by Plaintiffs for Failure to Pay Reporting Time Pay, Failure to Pay All Wages Earned at Termination, Failure to Provide Accurate Wage Statements, and Unfair Competition (the "Complaint").  As used herein, the term "Plaintiffs" means and includes the named Plaintiffs, Benjamin Lagunas, Dianna Mendoza, and Susan Jung, and all individuals similarly situated on whose behalf the Complaint was purportedly filed.

## GENERAL DENIAL

1.      Pursuant to the provisions of section 431.30 of the California Code of Civil Procedure, Defendants generally deny each and every allegation of the Complaint, including that this action may be maintained as a class action on behalf of others purportedly similarly situated or as a representative action and denies that Plaintiffs or anyone else on whose behalf this Complaint purports to be brought, is entitled to equitable or injunctive relief, compensatory damages, restitution, disgorgement of profits, punitive or exemplary damages, attorneys' fees in any amount, pre-judgment interest, costs of suit, or any other relief of any kind whatsoever.

## AFFIRMATIVE DEFENSES

2.      In addition, Defendants allege and assert the affirmative defenses set forth herein. By pleading these additional defenses, Defendants do not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs.  Moreover, nothing stated herein is intended or shall be construed as a concession that any particular issue or subject matter is relevant to Plaintiffs' allegations.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

3.      The Complaint, and each purported cause of action in the Complaint, fails to allege facts sufficient to constitute a cause of action.

-2-

DEFENDANTS' ANSWER TO PLAINTIFFS' UNVERIFIED
CLASS ACTION COMPLAINT

## SECOND AFFIRMATIVE DEFENSE

### (Failure to Satisfy Requirements of a Class Action)

4.     Plaintiffs have failed to plead adequately and establish the elements which are necessary for class action treatment, and therefore should be barred from seeking to certify this case as a class action, including because there is no ascertainable class and no well-defined community of interest among the purported class members.

### THIRD AFFIRMATIVE DEFENSE

### (Failure of Predominant Common Questions of Law or Fact)

5.     Plaintiffs have failed to adequately plead the elements which are necessary for class action treatment, and therefore should be barred from seeking to certify this case as a class action, including because there are no predominant common questions of law or fact between the purported class representative and the purported class members.

### FOURTH AFFIRMATIVE DEFENSE

### (Failure of Class Representative Having Claims Typical of the Class)

6.     Plaintiffs have failed to adequately plead the elements which are necessary for class action treatment, and should therefore be barred from seeking to certify this case as a class action, including because the proposed class representatives do not have claims typical of the purported class members.

### FIFTH AFFIRMATIVE DEFENSE

### (Failure to Qualify as Class Representative)

7.     The Complaint, and each purported cause of action in the Complaint, is barred, in whole or in part, as a class action because Plaintiffs do not meet the requirements for class representatives.

### SIXTH AFFIRMATIVE DEFENSE

### (Class Action Not Superior Method of Adjudication)

8.     The Complaint, and each purported cause of action in the Complaint, is barred, in whole or in part, as a class action because a class action is not the superior method for adjudicating this dispute.

-3-

1   **SEVENTH AFFIRMATIVE DEFENSE**

2   **(Failure to Exhaust Administrative Remedies)**

3       9.    Plaintiffs have failed to exhaust remedies available under statutes, regulations, rules

4   and procedures relating to the matters alleged in the Complaint, and they are barred by reason of

5   Plaintiffs' failure to do so.

6   **EIGHTH AFFIRMATIVE DEFENSE**

7   **(Safe Harbor)**

8       10.    Plaintiffs' claims are barred in whole or in part because of Defendants' compliance

9   with all applicable laws, statutes and regulations, which constitutes a safe harbor to any claim

10   under California Business & Professions Code Section 17200 *et seq.*

11   **NINTH AFFIRMATIVE DEFENSE**

12   **(Benefits of Business Practice)**

13       11.    Defendants are not liable for unfair business practices under California Business

14   and Professions Code Section 17200 *et seq.* because the benefits of Defendants' practices to

15   Plaintiffs and members of the class outweigh whatever particular harm or impact the practices

16   allegedly caused them.

17   **TENTH AFFIRMATIVE DEFENSE**

18   **(No Unfair, Misleading, or Deceptive Business Practices)**

19       12.    Defendant is not liable for violation of unfair business practices pursuant to

20   California Business and Professions Code Section 17200 *et seq.* because its business practices

21   were not unfair, not deceptive, and not likely to mislead anyone.

22   **ELEVENTH AFFIRMATIVE DEFENSE**

23   **(Adequate Remedy at Law)**

24       13.    The relief requested by Plaintiffs pursuant to California Business and Professions

25   Code Section 17200 *et seq.* should be denied because Plaintiffs have an adequate remedy at law.

26   **TWELFTH AFFIRMATIVE DEFENSE**

27   **(Compliance with Applicable Laws)**

28       14.    Plaintiffs' claims are barred in whole or in part by reason of Defendants'

-4-

1 | compliance with all applicable laws, statutes, and regulations.

2 | **THIRTEENTH AFFIRMATIVE DEFENSE**

3 | **(Valid Business Purpose)**

4 | 15.    Plaintiffs' claims are barred because Defendants' alleged conduct was at all times

5 | justified, fair, privileged, and undertaken in the good faith exercise of a valid business purpose.

6 | **FOURTEENTH AFFIRMATIVE DEFENSE**

7 | **(No Standing)**

8 | 16.    Plaintiffs lack standing to sue on behalf of the purposed class of others similarly

9 | situated with respect to the claimed injuries, or otherwise.

10 | **FIFTEENTH AFFIRMATIVE DEFENSE**

11 | **(No Nexus)**

12 | 17.    Plaintiffs' claims are barred in whole or in part due to Plaintiffs' failure to meet the

13 | burden of demonstrating a nexus between Defendants' alleged acts, conduct, or statements and

14 | any impact on the general public that Plaintiffs purport to represent.

15 | **SIXTEENTH AFFIRMATIVE DEFENSE**

16 | **(Comparative Fault)**

17 | 18.    Defendants' conduct is not the sole and proximate cause of the alleged damages

18 | and losses, if any.  Any damages awarded to Plaintiffs must be apportioned according to the

19 | respective fault and legal responsibility of all parties, persons, and entities or their agents, servants,

20 | and employees who contributed to and/or caused the alleged damages, if any, according to the

21 | proof presented at the time of trial.

22 | **SEVENTEENTH AFFIRMATIVE DEFENSE**

23 | **(Plaintiffs' Own Conduct)**

24 | 19.    Plaintiffs' claims are barred, in whole or in part, because if Plaintiffs suffered or

25 | sustained any damage, injury or detriment as alleged in the Complaint, such injury was caused by

26 | Plaintiffs' own conduct.

27 |

28 |

SMRH:474903520.1

DEFENDANTS' ANSWER TO PLAINTIFFS' UNVERIFIED
CLASS ACTION COMPLAINT

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Failure to Comply With Employer's Directions – Labor Code Section 2856)

20.   Plaintiffs' claims are barred, in whole or in part, because Plaintiffs did not comply substantially with all the directions of Defendants concerning the service for which Plaintiffs were engaged.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

21.   Plaintiffs' claims are barred to the extent that any award in this action would constitute unjust enrichment.

## TWENTIETH AFFIRMATIVE DEFENSE

### (No Disgorgement)

22.   Plaintiffs' request for disgorgement on behalf of the "others similarly situated" is barred for the reason that Plaintiff has not obtained and cannot obtain class certification.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Multiple Recovery)

23.   Plaintiffs' claims are barred in whole or part to the extent that Plaintiffs seek a multiple recovery for the same alleged wrong or wrongs.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

24.   While Defendants specifically deny any liability, the claims asserted in the Complaint are barred in whole or in part to the extent they violate the applicable statutes of limitation, including but not limited to, 29 U.S.C. § 255(a), Code of Civil Procedure §§ 337(1), 338(a), 339, 340(a) and (b), 343, Bus. & Prof. Code § 17208, Labor Code §§ 98.7 and 203.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Laches)

25.   Plaintiffs' claims are bared in whole or in part under the equitable doctrine of laches.

1   **<u>TWENTY-FOURTH AFFIRMATIVE DEFENSE</u>**

2   **(Waiver/Estoppel/Consent)**

3       26.    Plaintiffs' claims are barred in whole or in part under the equitable doctrines of

4   waiver, estoppel, and consent.

5   **<u>TWENTY-FIFTH AFFIRMATIVE DEFENSE</u>**

6   **(Failure to Mitigate)**

7       27.    Plaintiffs' claims are barred in whole or in part to the extent that Plaintiffs failed to

8   mitigate, minimize, or avoid the damages alleged in the Complaint.

9   **<u>TWENTY-SIXTH AFFIRMATIVE DEFENSE</u>**

10   **(Unclean Hands)**

11       28.    Plaintiffs' claims are barred in whole or in part to the extent Plaintiffs have unclean

12   hands with respect to the claims asserted.

13   **<u>TWENTY-SEVENTH AFFIRMATIVE DEFENSE</u>**

14   **(Adequate Compensation)**

15       29.    Defendants have compensated Plaintiffs consistent with California and Federal law

16   and/or acted, in good faith and with a reasonable belief that its actions did not violate California

17   and/or federal law.

18   **<u>TWENTY-EIGHTH AFFIRMATIVE DEFENSE</u>**

19   **(No Knowledge, Authorization, or Ratification)**

20       30.    Defendants are not liable for the alleged damages because, if any person or entity

21   engaged in intentional, willful, or unlawful conduct as alleged in the Complaint, he/she/it did so

22   without the knowledge, authorization, or ratification of Defendants.

23   **<u>TWENTY-NINTH AFFIRMATIVE DEFENSE</u>**

24   **(Good Faith Dispute)**

25       31.    Although Defendants deny that they owe any amounts to Plaintiffs, if it should be

26   determined that amounts are owed, Defendants allege, upon information and belief, that at all

27   relevant times, a reasonable good faith dispute existed as to whether any such amounts were owed

28   to Plaintiffs.

-7-

1

**THIRTIETH AFFIRMATIVE DEFENSE**

2

**(Good Faith Defense)**

3

32.    Defendants allege, upon information and belief, that at all relevant times

4

Defendants had good faith defenses, based in law and/or fact, which if upheld would have

5

precluded any recovery by Plaintiffs based upon the allegations of the Complaint.

6

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

7

**(Reservation of Rights)**

8

33.    Defendants presently have insufficient knowledge or information upon which to

9

form a belief as to whether it may have additional, as yet unstated, affirmative defenses available.

10

Defendants reserve the right to assert additional affirmative defenses in the event discovery

11

indicates that they would be appropriate.

12

13

WHEREFORE, Defendants pray as follows:

14

1.    That the Class Action Complaint be dismissed with prejudice and that Plaintiffs

15

take nothing thereby;

16

2.    That Defendants be awarded its costs of suit, including reasonable attorneys' fees;

17

3.    That Judgment be entered in Defendants' favor; and

18

4.    That Defendants be awarded such other and further relief as the Court deems just

19

and proper.

20

21

Dated:  February 4, 2016

22

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

23

24

By _____
                    /s/ Won B. Kim

25

CHARLES F. BARKER
WON B. KIM

26

Attorneys for Defendants ABERCROMBIE & FITCH
CO., ABERCROMBIE & FITCH STORES, INC.,
ABERCROMBIE & FITCH TRADING CO.,
ABERCROMBIE & FITCH MANAGEMENT CO.,
HOLLISTER CO.

27

28

-8-

DEFENDANTS' ANSWER TO PLAINTIFFS' UNVERIFIED
CLASS ACTION COMPLAINT

<u>PROOF OF SERVICE</u>

<u>STATE OF CALIFORNIA, COUNTY OF LOS ANGELES</u>

At the time of service, I was over 18 years of age and **not a party to this action**.  I am employed in the County of Los Angeles, State of California.  My business address is 333 South Hope Street, 43rd Floor, Los Angeles, CA 90071-1422.

On February 4, 2016, I served true copies of the following document(s) described as **ANSWER OF DEFENDANTS ABERCROMBIE & FITCH CO., ABERCROMBIE & FITCH STORES, INC., ABERCROMBIE & FITCH TRADING CO., ABERCROMBIE & FITCH MANAGEMENT CO., AND HOLLISTER CO., TO PLAINTIFFS' UNVERIFIED CLASS ACTION COMPLAINT** on the interested parties in this action as follows:

Patrick McNicholas
Michael J. Kent
McNicholas & McNicholas, LLP
10866 Wilshire Blvd., Suite 1400
Los Angeles, CA  90024-4338
Tel:  (310) 474-1582
Fax: (310) 475-7871

Jason M. Frank
Scott H. Sims
Eagan Avenatti, LLP
520 Newport Center Drive, Suite 1400
Newport Beach, CA  2660
Tel:  (949) 706-7000
Fax: (949) 706-7050

Richard K. Bridgford
Michael H. Artinian
Bridgford Gleason & Artinian
26 Corporate Plaza, Suite 250
Newport Beach, CA  92660
Tel:  (949) 831-6611
Fax: (949) 831-6622

**BY ELECTRONIC SERVICE:**  I served the document(s) on the person listed in the Service List by submitting an electronic version of the document(s) to One Legal, LLC, through the user interface at www.onelegal.com.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 4, 2016, at Los Angeles, California.

Cynthia I. Coblentz